**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **HAROLD B.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **EP- 25-CV-00660-RFC** |
| | § | |
| **FRANK BISIGNANO, Commissioner of the Social Security Administration,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**ORDER ON SSA APPEAL**

Plaintiff Harold B. appeals from the Commissioner of the Social Security Administration's decision to deny his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Pl.'s Br., ECF No. 5 [hereinafter "Pl.'s Br."]. Upon both parties' consent to proceed before a U.S. Magistrate Judge, the Honorable U.S. District Judge Leon Schydlower transferred this case to the undersigned to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules. Order Transfer. U.S. Mag. J., ECF No. 9. For the following reasons, the Court **ORDERS** that the Commissioner's decision be **REVERSED** and **REMANDED**.

## I. LEGAL STANDARD

### A. Standard of Review

Judicial review of a Commissioner's decision "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005)) (citing 42 U.S.C. § 405(g)).

Substantial evidence exists where there is "more than a scintilla but less than a preponderance" of evidence on the record to support the Commissioner's decision, or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Copeland*, 771 F.3d at 923 (quoting *Perez*, 415 F.3d at 461). In determining whether the Commissioner's decision is supported by substantial evidence, courts weigh "1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) [the] claimant's subjective evidence of pain and disability; and 4) [the] claimant's age, education, and work history." *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). A reviewing court may not "reweigh the evidence in the record, try the issues *de novo*, or substitute [its] judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). However, while a court must affirm findings supported by substantial evidence, reversal and remand are appropriate where "no credible evidentiary choices or medical findings support the [Commissioner's] decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000)).

**B. Disability Evaluation Process**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Administrative Law Judges ("ALJs") evaluate disability claims according to a five-step sequential process, in which they determine (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has suffered from a severe medically determinable impairment meeting specified durational requirements; (3) whether

the claimant's impairment meets or medically equals the severity of an enumerated impairment; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520(a)(4). If an ALJ finds that a claimant has severe impairments not enumerated at step three, he must determine the claimant's "residual functional capacity" ("RFC") and consider this RFC at steps four and five. *Id.* § 404.1520(e). The RFC "is the most [the claimant] can still do" despite the limitations caused by physical or mental impairments. *Id*. § 404.1545(a)(1).

## II. BACKGROUND

On August 25, 2024, Plaintiff filed a DIB application for a period of disability beginning on May 11, 2020. SSA Tr. 17, ECF No. 4 [hereinafter "Tr."]. Plaintiff later amended the alleged onset day to August 20, 2021. *Id*. Plaintiff's last day insured was December 31, 2022. *Id*. The claim was initially denied on October 11, 2024, *id*. at 57, and denied upon reconsideration on December 13, 2024, *id*. at 63. On August 12, 2025, upon Plaintiff's request, an administrative hearing was held. *Id*. at 17. ALJ David R. Wurm released his opinion on September 5, 2025; ultimately determining Plaintiff was not disabled on December 31, 2022. *Id*. at 27.

Applying the required five-step analysis to Plaintiff's claim, the ALJ first found that Plaintiff had not engaged in substantial gainful activity from August 20, 2021, to December 31, 2022. Tr. at 19. At the second step, the ALJ determined, "[t]hrough the date last insured, the claimant had the following severe impairments: degenerative disc disease, degenerative joint disease of the knees, hips and shoulders, and asthma." *Id.*

At step three the ALJ concluded Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ concluded that Plaintiff had an RFC to:

> perform light exertion work as defined in 20 CFR 404.1567(b) with the following additional limitations: frequent reaching and handling; occasionally climbing stairs; no climbing ladders or scaffolds; occasionally kneeling, crouching or crawling; no exposure to unprotected heights or hazards like dangerous moving machinery; and, avoid concentrated exposure to pulmonary irritants as defined by the Selected Characteristics of Occupations defined in the Revised Dictionary of Occupational Titles (SCO)/Dictionary of Occupational Titles (DOT)

*Id*. The ALJ found that Plaintiff had no past relevant work and "there were jobs that existed in significant numbers in the national economy that the [Plaintiff] could have performed. *Id*. at 25.

Following the ALJ's opinion, Plaintiff requested review from the Appeals Council, on September 19, 2025. Tr. at 8. The Appeals Council subsequently denied this request, and the ALJ's decision became the Commissioner's final decision in Plaintiff's case. *Id.* at 5.

## III. DISCUSSION

In his request for review, Plaintiff asserts that the Commissioner erred in adopting the ALJ's RFC because the RFC was not based on substantial evidence due to the ALJ's failure to develop the record and reliance on his own interpretation of medical evidence. Pl.'s Br. at 6. Plaintiff further argues this error was not harmless; therefore, reversal is warranted. *Id*. at 10.

### A. The RFC is not supported by substantial evidence

"Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing." *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995). "The absence of such a statement, however, does not, in itself, make the record incomplete . . . where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*

"ALJs are given the 'sole responsibility' to make RFC determinations, and they are 'free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Sprowl v. Commissioner of Social Security,* 794 F. Supp. 3d 477, 485 (W.D. Tex. 2025) (quoting *Taylor v.*

*Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012)). However, "the Fifth Circuit has made clear that an ALJ 'may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions.'" *Id*. (quoting *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009)). "Numerous district courts have relied on this principle in vacating RFC determinations that are not supported by an actual medical opinion and instead are based on the ALJ's subjective interpretation of the medical data in the record." *Griffin v. O'Malley,* SA-23-CV-01090-FB, 2025 WL 440284, at * 7 (W.D. Tex. Jan. 17, 2025) (collecting cases).

In *Ripley,* the evidence available to the ALJ "show[ed] a four year history of surgery, medical examinations, and complaints of pain. From this evidence and Ripley's testimony at trial, the ALJ concluded that Ripley was capable of performing sedentary work." *Ripley,* 67 F.3d at 557. The record "[did] not clearly establish [] the effect Ripley's condition had on his ability to work." *Id*. The only evidence regarding Ripley's ability to work came from his own testimony. *Id*. Therefore, the Fifth Circuit remanded the case and instructed the ALJ "to obtain a report from a treating physician regarding the effects of Ripley's back condition upon his ability to work." *Id*. at 558.

Similarly in *Tiede*, the court held the record did not contain substantial evidence to support the ALJ's RFC determination. *Tiede v. Dudek*, 770 F. Supp. 3d 965, 973 (W.D. Tex. 2025). While "subjective reports in the record indicate[d] that [plaintiff's] treatments were helping, the records [said] nothing regarding her exertional capacity and for how long it could be sustained." *Id*. at 972. The absence of any discussion of Tiede's exertional capacity created a lack of substantial evidence to support the ALJ's RFC. *Id*.

Here, the ALJ considered the prior administrative findings regarding Plaintiff's RFC but found them not pertinent because they concerned a period after Plaintiff's date of last insured. Tr. 25. The ALJ did not apply the prior findings when determining Plaintiff's RFC. *Id*. The lack of medical opinion alone does not render the record incomplete; the inquiry then turns on whether there is substantial evidence to support the RFC determination. *See Ripley*, 67 F.3d at 557.

In making the RFC determination, the ALJ relied on Plaintiff's medical records.[1] Upon careful review of these records, the Court finds that there is no discussion by any medical professionals of Plaintiff's exertional capacity. *See* Tr. At most these records include recommendations to continue normal activities as tolerated, *see e.g., id*. at 2108, but there is no indication of what was tolerated by Plaintiff.

The record indicates during the relevant period, Plaintiff had an antalgic gait and was ambulating with a walker. *See id*. at 978; *see also id*. at 982. During the relevant period Plaintiff also suffered from two frozen shoulders, *see id*. at 307, bilateral knee pain, *see id*. at 321, and bilateral hip pain causing modification to his daily activities, *see id*. at 356. Physical therapy improved the range of motion in his shoulders, *see id.* at 311, but he continued to have flare ups and persistent pain, *see id*. at 341. Plaintiff's own testimony, thirty-two months after the date of last insured, indicated he could only comfortably lift five pounds; *see id.* at 43, which does not support the RFC determination of being able to lift twenty pounds and frequently carry ten pounds, *see* 20 CFR § 404.1567(b). Plaintiff's knee improved post-surgery. S*ee* Tr. 333. However, Plaintiff reported increased pain and not doing well after physically exerting himself during a bowling tournament. *See id.* at 345. This account of Plaintiff's capacity is inconsistent with an

---

[1] The ALJ specifically references Exhibits 3F, 4F, 8F, and 9F when assessing Plaintiff's RFC determination. Tr. 22.

RFC determination that would require occasionally climbing stairs and occasionally kneeling. *See id*. at 20.

In his opinion, the ALJ recited Plaintiff's complaints and treatment Plaintiff received regarding his hips, knees, and shoulders. *See* Tr. 21-25. The ALJ used this data to determine Plaintiff's RFC. *Id*. at 20. The ALJ relied on his own interpretation of the raw medical data. *See* Tr. 24.[2]

The ALJ determined Plaintiff had the capacity to do a type of work that "requires a good deal of walking or standing", 20 CFR § 404.1567(b), despite no medical opinion in the record indicating that was appropriate. The only opinions in the record are ones such as a physician's recommendation to continue normal activities *as tolerated*, *see e.g.,* Tr. 2108 (emphasis added), which does not translate to Plaintiff's ability to do a good deal of walking or even occasionally kneeling, *see* Tr. 20. The record does not support the exertional capacity in the ALJ's RFC, instead, as discussed above, the records are inconsistent with the determination.

This case is similar to *Ripley,* 67 F.3d at 557, and *Tiede,* 770 F. Supp. 3d at 972, because the ALJ relied on descriptions of Plaintiff's conditions, without any discussion of Plaintiff's exertional capacity, to craft the RFC. Both *Ripley,* 67 F.3d at 557, and *Tiede*, 770 F. Supp. 3d at 973, held that a lack of discussion of exertional capacity meant the RFC was not based on substantial evidence. Here, a review of the exhibits relied upon by the ALJ show no substantial evidence to support the RFC determination.

---

[2] The ALJ states "[t]he claimant at times could reasonably experience pain, but there is no evidence of muscle atrophy, significant weight loss, gross instability, or neurological deficits generally associated with prolonged severe pain on a regular and continual basis." Tr. 24. This illustrates the ALJ making independent medical assessments, or "playing doctor", which the Fifth Circuit has cautioned against. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (commenting that an ALJ's conclusion that the listed impairments would cause muscle atrophy if true was improper).

In his brief the Commissioner relies on *Webster v. Kijakazi*, 19 F.4th 715 (5th Cir. 2021), and *Wills v. Kijakazi*¸ No. 22-20609, 2023 WL 4015174, (5th Cir. June 14, 2023), to support his argument that the ALJ's RFC was supported by substantial evidence. However, *Webster* is not analogous to this case. In *Webster*, the ALJ relied on a medical opinion, including the state agency consultation, when formulating Webster's RFC. *Webster*, 19 F.4th at 720. The Fifth Circuit determined that a consultative exam was not needed given the record available to the ALJ. *Id*. As discussed above, in this case there was no medical opinion regarding Plaintiff's exertional capacity.

Similarly, in *Wills* the Fifth Circuit held a consultative exam was not necessary because the ALJ's RFC was based on substantial evidence. *Wills*¸ 2023 WL 4015174, at *4. The ALJ in *Wills* had thousands of pages of medical records, describing Wills' conditions and mobility. *Id*. at *3. These records were sufficient to provide substantial evidence to support the ALJ's RFC determination. *Id*. In contrast, in this case the record does not provide substantial evidence to support the ALJ's RFC determination. The record does not indicate that Plaintiff would have been able to engage in "a good deal of walking or standing" or lifting twenty pounds as required by the light work requirements. *See* 20 CFR 404.1567(b). As discussed above, the record contains no evidence to support the ALJ's determination, and instead the record is inconsistent with the RFC.

**B. This error is reversible**

"The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error." *Jones v. Astrue,* 691 F.3d 730, 734-35 (5th Cir. 2012). If the error was harmless then remand is not warranted. *Id.* An error is harmless "when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) (citing *Frank v. Barnhart*, 326 F.3d

618, 622 (5th Cir. 2003) (per curiam)). However, if a reviewing court determines "the record before the agency [did] not support the agency action, . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 628–29 (2023) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

As discussed above, *see* Section III.A, the record before the ALJ did not support the RFC determination. Since the record did not support the agency's action, remand is warranted.

## I. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred by failing to develop the record. Because this error could have affected the outcome of the proceedings, the Court **ORDERS** that the decision of the Commissioner be **REMANDED** for further fact-finding, consistent with this opinion, pursuant to 42 U.S.C. § 405(g).

**SIGNED** this 8th day of September, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**